# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **NANCY M. PRICE,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 7:06-cv-20 |
| **DONALD H. RUMSFELD, et al.,** | : | |
| Defendants. | : | |

## ORDER

Plaintiff Nancy M. Price ("Price") has failed to serve a copy of her Complaint on Defendants within 120 days of filing said Complaint. Accordingly, Price is ordered to show cause, no later than June 20, 2007, why her Complaint should not be dismissed.

## I. FACTUAL AND PROCEDURAL HISTORY

Price originally filed a *pro se* Complaint (Doc. 2) on February 22, 2006, and she paid the Court-ordered partial filing fee of $250.00. Thereafter, the Court ordered the Clerk of the Court to provide Price with a Rule 4 service packet and directed Price to make service upon Defendants. This Order (Doc. 6) also warned that "Plaintiff has the responsibility for diligently prosecuting her complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute." (Id. at 2.) To date, Price has failed to make service upon Defendants in this case.

## II. ANALYSIS

### A. Standards

Federal Rule of Civil Procedure 4(m) provides, in pertinent part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

The United States Court of Appeals for the Eleventh Circuit has examined what factors a district court must consider when faced with a plaintiff who had failed to serve his complaint within 120 days, per the instructions in Rule 4(m). See Lepone-Dempsey v. Carroll County Com'rs, 476 F.3d 1277 (11th Cir. 2007). The Eleventh Circuit not only noted a district court must consider whether the plaintiff had shown good cause for his failure,[1] but also held that "when a district court finds that a plaintiff fails to show good cause . . . the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case." Id. at 1282. Indeed, "[o]nly after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." Id.

### B. Application

Price has failed to serve her Complaint within 120 days. Therefore, the Court must

---

[1] "Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Lepone-Dempsey, 476 F.3d at 1281 (citation and quotation omitted).

consider whether good cause or any other circumstances warrant an extension of the time for service of process. Price shall have until no later than June 20, 2007, to file a response with the Court showing good cause for her failure to serve her Complaint or offering any other reason that would warrant a permissive extension of time. Price should be forewarned that a failure to file any response may result in the dismissal of her case.

**SO ORDERED**, this 6th day of June, 2007.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

pdl