# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **NANCY M. PRICE,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 7:06-cv-20 |
| **DONALD H. RUMSFELD, et al.,** | : | |
| Defendants. | : | |

## ORDER

Plaintiff Nancy M. Price ("Price") has failed to serve a copy of her Complaint on Defendants within 120 days of filing said Complaint. For the reasons set forth below, Price's case is dismissed without prejudice.

## I. FACTUAL AND PROCEDURAL HISTORY

The scant background for this case was previously set forth in the Court's Order of June 6, 2007 (Doc. 7). It will not be repeated here. By way of an update, the Court notes that Price failed to file a response to the aforementioned Order, which had directed her to show cause for her failure to serve her Complaint. In addition, Price has still failed to make service upon the defendants in this case.

## II. ANALYSIS

### A. Standards

Federal Rule of Civil Procedure 4(m) provides, in pertinent part:

1

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

The United States Court of Appeals for the Eleventh Circuit has examined what factors a district court must consider when faced with a plaintiff who had failed to serve his complaint within 120 days, per the instructions in Rule 4(m). See Lepone-Dempsey v. Carroll County Com'rs, 476 F.3d 1277 (11th Cir. 2007). The Eleventh Circuit not only noted a district court must consider whether the plaintiff had shown good cause for his failure,[1] but also held that "when a district court finds that a plaintiff fails to show good cause . . . the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case." Id. at 1282. Indeed, "[o]nly after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." Id.

**B. Application**

Price has failed to serve her Complaint within 120 days or to respond to the Court's Order demanding an explanation for that failure. As a result, the Court finds Price has not shown diligence in her efforts to serve process on Defendants, has failed to comply with Rule

---

[1] "Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Lepone-Dempsey, 476 F.3d at 1281 (citation and quotation omitted).

2

4 and has failed to demonstrate good cause for failing to timely serve Defendants. Absent a showing of good cause, the Court must consider whether any other factors warrant an extension of time. It is unclear from Price's Complaint when, exactly, the final incident that gave rise to her claim took place, and therefore the Court cannot state with certainty whether her statute of limitations has run. What is clear is that there have been no indications that Defendants are evading service or have concealed a defect in service. Given Price's failure to respond to the Court's Show Cause Order, even in the face its clear warning that "a failure to file any response may result in the dismissal of her case," as well as the fact that more than a year has passed without service in this case, the Court finds no factors warrant an extension of time.

### III. CONCLUSION

The Court finds Price has shown no good cause for her failure to serve her Complaint nor, after consideration, that any other factors exist to extend the time to effect service. Therefore, the Court exercises its discretion, and Price's case is dismissed without prejudice.

**SO ORDERED**, this 21st day of June, 2007.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

pdl